# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30656
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN ARDOIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CR-238-1

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Kevin Ardoin entered a conditional guilty plea to possession of cocaine with intent to distribute and to possession of a firearm in furtherance of a drug trafficking crime. In his plea agreement, Ardoin reserved the right to appeal the district court's denial of his motion to suppress, which sought to suppress evidence obtained from two separate searches of his residence, one conducted on June 22, 2016, and the other on June 23, 2016.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30656

Ardoin argues that the good-faith exception to the exclusionary rule should not apply because the affidavit offered in support of the first search warrant was bare bones, the facts in the affidavit failed to establish a nexus between his residence and the controlled purchase of drugs by a confidential informant (CI), and the affidavit did not address the CI's reliability. Additionally, he argues that evidence from the second search should be suppressed as fruit of the poisonous tree because the second warrant was based on statements he made while in custody as a result of evidence found during the first illegal search.

Contrary to Ardoin's arguments, the affidavit supporting the first warrant is not bare bones. It contained facts and circumstances within the personal knowledge of the affiant rather than "wholly conclusory statements." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992); *see United States v. Laury*, 985 F.2d 1293, 1311-12 (5th Cir. 1993). Furthermore, given the timeline of events detailed in the affidavit, the state court judge issuing the warrant could have reasonably inferred a connection between Ardoin's residence and his illegal activity. *See United States v. Brown*, 941 F.2d 1300, 1303 & n.4 (5th Cir. 1991); *United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982).

Because the affidavit presented facts and circumstances that supported the executing officers' objectively reasonable reliance on the state court judge's probable cause determination, we agree with the district court that the good-faith exception to the exclusionary rule applied as to the first warrant. As the evidence collected pursuant to that warrant was validly obtained, Ardoin's "fruit of the poisonous tree" claim concerning the second search fails. *See United States v. Payne*, 341 F.3d 393, 402 (5th Cir. 2003).

AFFIRMED.

2